United States District Court
Southern District of Texas
**ENTERED**
February 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **INTEGRATED PIPE & SUPPLY, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-02006 |
| § | |
| **CRITICAL PATH RESOURCES, INC.,** *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

This is an interpleader action to determine the order of priority of claims to a settlement fund. Before the Court is Interpleader-Plaintiff Linde, Inc.'s Motion to Deposit Funds, ECF No. 16, and Defendant Critical Path Resources, Inc.'s Motion to Rescind, ECF No. 30. For the reasons that follow, the Motion to Deposit Funds is **GRANTED** and the Motion to Rescind is **DENIED**.

### I.      BACKGROUND

This dispute arose out of a state court action between Integrated Pipe & Supply, LLC and Critical Path Resources, Inc. ("CPR") in which the trial court granted judgment in favor of Integrated Pipe & Supply. During those proceedings, CPR filed a third-party petition against Linde, Inc. ("Linde"). On or around March 3, 2023, Linde and CPR settled their dispute pursuant to a confidential settlement agreement.

Meanwhile, three other entities, Vallen Distribution, Inc., U.S. Metals, Inc., and Hargrove and Associates, Inc., each obtained judgments against CPR in separate lawsuits. The respective courts appointed Bernardo J. Garcia ("Receiver Garcia") as a common receiver to satisfy those

1

judgments. Receiver Garcia then intervened in the suit between CPR and Linde, claiming an interest in any proceeds CPR recovered to satisfy the other judgments against it.

After the settlement agreement between Linde and CPR was finalized, Linde filed an interpleader petition so that potential claimants of the settlement funds could litigate the priority of their interests. The interpleader petition was filed in the same action as the underlying dispute between CPR and Linde. The Buzbee Law Firm, which represented CPR in the action against Linde, intervened to recover its contingency fee. The United States also intervened pursuant to a tax lien against CPR. The United States subsequently removed the action to federal court.

Linde has moved to deposit the settlement funds with the Court Registry while the parties dispute priority. ECF No. 16. Linde also seeks to be dismissed from this case, as it claims no portion of the disputed funds. *Id.* Although none of the parties filed a timely response contesting the Motion, it has since become clear that CPR opposes the deposit of funds, arguing that the settlement agreement creating the fund should be rescinded. ECF Nos. 22, 29. Accordingly, CPR has filed a document styled as an "Amended Notice of Rescission of Settlement Agreement," which the Court construes as a motion for rescission.[1] ECF No. 29.

## II.   ANALYSIS

The only objection to Linde's Motion to Deposit Funds is CPR's contention that it should be entitled to rescind the settlement agreement. Thus, the resolution of both the Motion to Deposit

---

[1] To determine the character of an ambiguous filing, it is commonplace to look at the content therein. *See, e.g.*, *United States v. Ramirez-Rojas*, 563 F. App'x 317, 318 (5th Cir. 2014) (construing a document styled as a "notice of appeal" as a motion for leave to file a late response); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993) (construing a "motion to set aside order of dismissal" as a Rule 60(b) motion for relief from an order). CPR's "Notice of Rescission" requests that the Court provide CPR with equitable relief in the form of a rescission of the settlement agreement. The Court therefore construes it as a motion to rescind. *See, e.g.*, *Ins. Distribution Consulting, LLC v. Freedom Equity Grp., LLC*, No. 3:20-CV-96, 2022 WL 1491967, at *1 (S.D. Tex. May 11, 2022).

Funds and the Motion to Rescind hinges upon whether the settlement agreement between CPR and Linde should be rescinded.

CPR's argument for rescission is based on alleged misconduct of the Buzbee Law Firm, which was one of two firms representing CPR during the state court proceedings. CPR's allegations boil down to two main theories of misconduct. First, CPR alleges that (1) it was coerced into settlement because Mr. Buzbee, its initial attorney, was not available for CPR's trial date and a different attorney from the firm, Mr. Levitt, would instead be representing CPR at trial. Second, CPR alleges that the Buzbee Law Firm represented that the settlement funds would be released directly to CPR as opposed to deposited with the court and distributed among CPR's creditors. As a result, CPR maintains that the Court should permit it to rescind the settlement agreement with Linde.

As a matter of law, CPR has not presented a viable theory for rescission. Whether a settlement agreement is enforceable is decided by traditional contract principles. *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). Rescission is an equitable remedy available under Texas contract law that "operates to set aside a contract that is legally valid but is marred by fraud, mistake, or for some other reason." *Humphrey v. Camelot Ret. Cmty.*, 893 S.W.2d 55, 59 (Tex. App. 1994).

"[A] contract made under duress is voidable at the instance of the party on whom the duress is practiced." *Mallard v. Day*, 204 S.W. 245, 247 (Tex. Civ. App. 1918). However, duress or undue influence from a party's own attorney, rather than from another party to a settlement agreement, does not constitute grounds for the Court to set aside the settlement agreement. *Kosowska v. Khan*, 929 S.W.2d 505, 508 (Tex. App. 1996) ("In order to support a claim that a contract may be set aside due to duress or undue influence, the duress must come from the other party to the contract.");

*King v. Bishop*, 879 S.W.2d 222, 224 (Tex. App. 1994) (finding that a contract will not be invalidated when the duress emanates from a third person who has no involvement with the other party to the contract); *Kalyanaram v. Burck*, 225 S.W.3d 291, 301 (Tex. App. 2006) (same). Texas courts have explicitly rejected the idea that one may escape an otherwise enforceable settlement agreement by alleging their own attorney engaged in coercion, duress, or undue influence. *Hollaway v. Hollaway*, 792 S.W.2d 168, 171 (Tex. App. 1990); *King*, 879 S.W.2d at 224; *Kosowska*, 929 S.W.2d at 508. Therefore, CPR's allegations of duress from its attorney are insufficient to merit rescission of the settlement agreement.[2]

CPR also claims that the agreement should be set aside due to the Buzbee Law Firm's alleged misrepresentation that the settlement funds would be directly disbursed to CPR when in fact the funds were to be deposited with the court. This argument fares no better. Rescission may be available on the basis of fraudulent misrepresentations. *Guadalupe-Blanco River Authority v. City of San Antonio*, 145 Tex. 611, 200 S.W.2d 989 (1947). However, fraud perpetrated by a third-party will not afford a ground for cancellation or rescission, absent a showing that the other party to the contract participated in the fraud. 10 Tex. Jur. 3d *Cancellation and Reformation* § 17; *Martin v. Boyd*, 203 S.W.2d 266, 267 (Tex. Civ. App. 1947). Thus, CPR cannot avoid enforcement of the

---

[2] The Court notes that CPR has cited no authority to suggest that the Buzbee Law Firm's conduct rises to the level of duress or undue influence. Duress requires "improper or unlawful conduct or threat of improper or unlawful conduct that is intended to and does interfere with another person's exercise of free will and judgment." *Dallas Cnty. Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 878-79 (Tex. 2005). CPR makes no allegations that the Buzbee Law Firm engaged in improper or unlawful conduct. It is commonplace for attorneys to have conflicts with trial settings or other court proceedings. In light of Mr. Buzbee's lack of availability, CPR had a range of options open to it aside from agreeing to settlement. It could have requested a continuance of the trial date. It could have proceeded to trial with the alternate lawyer the Buzbee Law Firm provided. It could have proceeded to trial with Mr. LaRochelle, who represented CPR throughout the state litigation alongside the Buzbee Law Firm. In fact, it could have sought outside counsel altogether. Further, the fact that CPR used Mr. Buzbee's lack of availability for trial to renegotiate its attorney fee arrangement with the firm suggests that CPR was not under duress from the firm.

settlement agreement on the basis that its attorney, a third party to the settlement agreement, misrepresented a fact about the settlement funds.[3]

Further, CPR appears to imply that its supposed misunderstanding about how the funds would be disbursed constitutes a lack of informed consent. This argument is likewise faulty. The Texas Supreme Court has been clear that a "mistake by only one party to an agreement, not known to or induced by acts of the other party will not constitute grounds for relief." *Johnson v. Snell*, 504 S.W.2d 397, 399 (Tex. 1973). Therefore, even if CPR did misunderstand how the settlement funds would be distributed, this mistake would not be grounds for escaping enforcement of the agreement unless CPR were to show that Linde knew of or induced the mistaken understanding. CPR has provided no such evidence.

In sum, CPR has provided no basis upon which this Court could grant rescission of the settlement agreement.

### III.   CONCLUSION

CPR's Motion for Rescission is **DENIED**. Linde's Motion to Deposit Funds is **GRANTED**. Linde shall deposit the interpleaded funds into the registry of the Court. Upon Linde's deposit of said funds, the Court further orders that Linde shall be **DISMISSED** from this action.

**IT IS SO ORDERED.**

---

[3] Although the Court need not reach the question of whether the Buzbee Law Firm's conduct rises to the level of actionable misrepresentation, it notes that CPR has provided no evidence to substantiate its allegations of misrepresentation. To the contrary, when a lawyer on behalf of the Buzbee Law Firm sent CPR the settlement agreement for its review and approval, they explicitly said, "Please note the [settlement] funds will be deposited into the registry of the Court because of the receiver who intervened from another matter and has a judgment against your company." ECF No. 28-1.

Signed at Houston, Texas on February 12, 2024.

_____
Keith P. Ellison
United States District Judge